```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

RODOLFO STOCK and
ELLA STOCK,

       Plaintiffs,

v.                                        Civil Action No. 2:09-0233

MIKE RUTHERFORD, Sheriff of Kanawha
County, West Virginia, and JAMES STUCKY and
JOE SHELTON and PAUL ZAKAIB and FRANK COULTER and
LINDA COULTER and CHARLES KING and SUE SANSON,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the motion to dismiss filed June 5, 2009, by Mike Rutherford ("Sheriff's motion to dismiss"), the motion to dismiss filed June 19, 2009, by Frank and Linda Coulter ("Coulters' motion to dismiss"), and the motion to dismiss filed June 22, 2009, by Sue Sanson, James Stucky, Joe Shelton, Paul Zakaib, and Charles King ("remaining defendants' motion to dismiss"). Also pending are the plaintiffs' motions to amend the complaint to add their son, Joseph Stock, as an additional plaintiff and for a hearing, filed February 1, 2010.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendations ("PF&R") pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B).  The court has reviewed the PF&R entered by the magistrate judge on January 19, 2010.  On February 1, 2010, plaintiffs objected.  On February 3 and 8, 2010, respectively, the court received the responses to plaintiffs' objections filed by (1) Sheriff Rutherford, and (2) Judge King, Judge Zakaib, Judge Stucky, Magistrate Shelton, and Ms. Sanson.

The objections do not address the primary grounds upon which dismissal was recommended, namely, the doctrine of <u>res judicata</u> as to the claim against Sheriff Rutherford, the failure to state a claim as to the Coulters, and the doctrines of judicial and quasi-judicial immunity as to the remaining defendants.

Two objections, however, may be designed to assail the magistrate judge's recommendation.  The first appears directed toward the analysis of the putative claim against the Coulters. While the Coulters are listed in the style of the complaint in this action, they are mentioned nowhere else within that pleading.  In plaintiffs' response to the motions to dismiss, they state merely (1) that the Coulters are "the people who bought the boat" from the purchaser at the Sheriff's sale and who wished to intervene in one of the actions instituted by plaintiffs in state court, and (2) that "the vessel is now being

2

destroyed and made into a boat dock by the Coulters." (Resp. at 1-2).  In their objections, plaintiffs state that "[t]he Coulter[s] have destroyed property that does not belong to them." (Objecs. at 2).[1]

From these conclusory statements, the court is unable to divine what, if any, claim is alleged against the Coulters. Accordingly, absent the statement of a plausible claim for relief against the Coulters, the objection is not meritorious.  In the event that plaintiffs might be able to subsequently construct a viable claim against the Coulters, the court directs that dismissal as to the Coulters be without prejudice.

The second objection notes simply that "Ms. Sanson signed the due diligence form.  No other person signed it.  She did not witness anyone's signature."  (Objecs. at 2).  The objection appears aimed at the PF&R observation, found also in materials submitted by the parties previously, noting that "[o]n

---

[1] Plaintiffs' proposed amendment of the complaint does not address the deficiencies in their pleading.  The amendment is designed only to add their son Joseph as a party in interest, in privity with them, respecting their ownership, if any, in the vessel that is at the center of this controversy.  Inasmuch as the complaint, as amended, would fall asunder to the very same defenses alleged by defendants, the proposed amendment is deemed futile.

Regarding the additional request for a hearing, the court dispenses with oral argument inasmuch as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

July 5, 2005, Mr. Jarrell completed an Affidavit of Due Diligence, which was witnessed by Ms. Sansom." (PF&R at 4; see also id. at 8, 17-18). As now appears from a form document, entitled Affidavit of Due Diligence ("affidavit"), attached to plaintiffs' objections, the so-called affidavit was not taken under oath but was signed by Sue Sansom under date of July 5, 2005, stating in effect that after a due diligence search neither defendant David Staab nor Joe Stock could be located.

It is unclear at this point why Ms. Sansom signed the Affidavit of Due Diligence, which is instead designed for signature by the complaining party. See W.V. R. Civ. P. 4(e) (noting constructive service appropriate "[i]f the plaintiff shall file with the court an affidavit" attesting to the fact that, despite due diligence, the defendant cannot be located). The court need not, however, reach the now uncertain question of whether Ms. Sansom is entitled to quasi-judicial immunity. Compare Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994)(noting "A line of Supreme Court cases holds that judges, prosecutors, witnesses, and other actors in the judicial process are immune from § 1983 or Bivens liability for misfeasance of their duties."), with McCray v. State of Md., 456 F.2d 1, 4-5 (4th Cir. 1972). It appears that Ms. Sansom has alleged a

4

meritorious, alternative defense based upon the statute of limitations.

Plaintiffs' complaint appears to allege that they were denied due process in violation of the Fourteenth Amendment.  The statutory vehicle for that claim is 42 U.S.C. § 1983.  Section 1983 claims are subject to the two-year limitation period found in West Virginia Code § 55-2-12(b).  <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).  Ms. Sansom signed the Affidavit of Due Diligence on July 5, 2005.  It does not appear Ms. Sansom was ever named as a party in any of the underlying state actions prosecuted by plaintiffs.  Accordingly, the two-year statute of limitations expired on July 5, 2007, concerning any claims that might be pled against her under section 1983.

Inasmuch as the objections are not meritorious, and following a <u>de novo</u> review, the court concludes that the recommended disposition is correct, with the exception that the dismissal of Ms. Sansom is based upon her defense of the statute of limitations and not quasi-judicial immunity.  The court, accordingly, ORDERS as follows:

1. That the magistrate judge's PF&R be, and it hereby is, adopted and incorporated herein except as otherwise provided herein;

2.  That the Sheriff's motion to dismiss be, and it hereby is, granted;

3.  That the Coulters' motion to dismiss be, and it hereby is, granted;

4.  That the remaining defendants' motion to dismiss be, and it hereby is, granted;

5.  That plaintiffs' motions to amend the complaint to add their son, Joseph Stock, as an additional plaintiff, and for a hearing, be, and they hereby are, denied; and

6.  That this action be, and it hereby is, dismissed and stricken from the docket, with the dismissal of the claims against the Coulters being without prejudice.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiffs, and the United States Magistrate Judge.

DATED: February 24, 2010

John T. Copenhaver, Jr.
United States District Judge